Concordance Healthcare Solutions LLC v Kori Capital Inc. (2025 NY Slip Op 50257(U))

[*1]

Concordance Healthcare Solutions LLC v Kori Capital Inc.

2025 NY Slip Op 50257(U)

Decided on February 27, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2025
Supreme Court, New York County

Concordance Healthcare Solutions LLC, Plaintiff,

against
Kori Capital Inc., PAF STATUTORY TRUST, HSIAO CHEN, Defendant.

Index No. 654450/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 115, 116, 117, 119, 120 were read on this motion for ATTORNEY - DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW.
In this breach of contract action, plaintiff Concordance Healthcare Solutions ("Concordance") contracted with defendant Kori Capital, Inc. ("Kori Capital") for the sale of healthcare supplies. The parties executed a purchase agreement and agreed to enter into a tri-party escrow agreement to place the purchase amount of the healthcare supplies in escrow with defendant PAF Statutory Trust. In motion sequence 004, counsel for defendant Kori Capital Inc. moves, pursuant to CPLR 321(b)(2) and Rule 1.16 (22 N.Y.C.R.R. Section 1200.16) of the New York Rules of Professional Conduct, to withdraw as counsel for defendant Hsiao Chen (see affirmation, NYSCEF doc. no. 116). For the foregoing reasons, the motion is denied.
CPLR 321 (b) (2) provides:
"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move on such notice as may be directed by the court, to be relieved as counsel by court order (Farage v Ehrenberg, 124 AD3d 159 [2nd Dept 2014]).
In her application, counsel submits that good cause exists for the withdrawal but does not specify the grounds due to the "confidentiality." Counsel purports to have submitted a separate affirmation in camera to the court to review (id.). In opposition, plaintiff alleges that the filing of the instant motion was undertaken solely in an effort to delay litigation. Plaintiff objects to permitting defense counsel to withdraw on the eve of the close of litigation and requests that this court require they remain until substitute counsel is obtained.
Here, the court does not find adequate grounds to grant counsel's withdrawal. It is not clear to this court who counsel currently represents and what attorney/client relationship she seeks to terminate. No representation is recorded on the court docket for defendant Hsiao Chen. The New York Courts Electronic Filing System indicates [*2]that counsel only represents defendant Kori Capital Inc, yet, in her application, counsel affirms that she seeks to "relieve [her] Firm as counsel for Hsiao Chen" (NYSCEF doc. no. 116, para. 1). Further, at every court conference, counsel has only represented the interests of Kori Capital, and has not, at any appearance or in any court filings, indicated that she is appearing on behalf of defendant Hsiao Chen (NYSCEF doc. nos. 39, 50, 63, 64).
Therefore, the issuance of an order granting counsel's "withdrawal" and relieving her firm of its representation of defendant Chen does not appear to this court to be proper given the discrepancies in the record and general lack of proof that counsel ever represented Hsiao Chen's legal interests. The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [2nd Dept 2018]). Counsel's request, therefore, is denied, without prejudice.
Accordingly, it is hereby
ORDERED that motion sequence 004 is denied without prejudice; and it is further
ORDERED that all parties shall appear on March 11, 2025 at 11:30 a.m. for a status conference.
DATE 02/27/2025
ROBERT R. REED, J.S.C.